IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES R. MCTAGUE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 4:18-CV-809-Y |
| | § | |
| ERIC D. WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, James R. McTague, a federal prisoner confined at FMC-Fort Worth, against Eric D. Wilson, warden of FMC-Fort Worth, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction.

I. Factual and Procedural History

Petitioner is serving a life sentence on his drug-related convictions in the western division of the United States District Court for the Central District of California. *See United States v. Ponce,* 51 F.3d 820 (9th Cir. 1995). In this petition, Petitioner challenges the validity of his life sentence. More specifically, he asserts that, on remand, the convicting court improperly "departed upward by two levels in offense level and by two levels in criminal history category." (Pet. 6-7, doc. 1.) Petitioner seeks an order

correcting his judgment and commitment order reflecting a sentence of 365 months' imprisonment and his immediate release. (Id. at 8.) Petitioner has filed a prior § 2255 motion to vacate, set aside, or correct his sentence and a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 in the convicting court, to no avail.

II. Discussion

A § 2255 motion to vacate, set aside, or correct a federal sentence is the primary means under which a federal prisoner may collaterally attack the legality of a conviction or sentence, while a § 2241 petition for writ of habeas corpus is generally used to challenge the manner in which a sentence is executed. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). In the Fifth Circuit, an attack on a federal conviction or sentence may only be considered under § 2241 if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). To meet this burden under this so-called "savings clause," a petitioner must show that (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when it should have been raised in the petitioner's trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v.* Roy,

2

615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). The United States Court of Appeals for the Fifth Circuit has repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e). *See Kelley v. Castaneda,* 711 Fed. App'x 243, 243-44 (5th Cir. 2018) (citing cases).

Although Petitioner acknowledges Fifth Circuit law, he nevertheless implores the Court to adopt the holding in *United States v. Wheeler,* 886 F.3d 415 (4th Cir. 2018), *cert. denied,* 2019 WL 1231947 (U.S. Mar. 18, 2019) (No. 18-420), in which the United States Court of Appeals for the Fourth Circuit held that the savings clause may be used as an avenue for prisoners to test the legality of their sentences based on certain criteria. 886 F.3d at 428-29. However, this Court is bound by Fifth Circuit law. Petitioner fails to satisfy the requirements of the savings clause under the criteria adopted by the Fifth Circuit. Thus, he cannot invoke the savings clause of § 2255 as to the claim presented in this habeas-corpus proceeding. Because Petitioner's claim does not fall within the savings clause of § 2255(e), it is not cognizable in a § 2241 petition. The Court is therefore without jurisdiction to consider the petition. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241

without prejudice for lack of jurisdiction.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Petitioner has neither alleged nor demonstrated that he is entitled to proceed under 28 U.S.C. § 2241. Therefore, a certificate of appealability

4

should not issue.

SIGNED April 12, 2019.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE